UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LESLEY GRIEVE, individually and as Executor of the Estate of WENDY PORTMAN LEWIS, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>SEABOURN CRUISE LINE LIMITED, a Bermuda company,<br><br>Defendant. | In Law and In Admiralty<br><br>No.<br><br>COMPLAINT FOR DAMAGES<br><br><u>DEMAND FOR JURY TRIAL</u> |

COMES NOW the plaintiff herein, LESLEY GRIEVE, individually and as an Executor of the Estate of WENDY PORTMAN LEWIS, deceased, by and through her undersigned attorneys of record, Michael David Myers and Myers & Company, P.L.L.C., and hereby alleges and asserts as follows:

**I.   PARTIES**

1.1   Plaintiff Lesley Grieve is the surviving daughter of the decedent, Wendy Portman Lewis, and was appointed the Executor of her estate.  She brings this action individually and in

COMPLAINT FOR DAMAGES - 1

her capacity as the Executor of the Estate of Wendy Portman Lewis.

1.2     Defendant Seabourn Cruise Line Limited, a Bermuda company ("Seabourn"), with its headquarter in Seattle, Washington, is the owner of the ship the "Seabourn Quest."

## II.     JURISDICTION AND VENUE

2.1     This action is an admiralty and maritime claim within the meaning of Fed.R.Civ.P. 9(h).

2.2     The jurisdiction of this Court is established pursuant to 28 U.S.C. § 1331 and 1333.

2.3     Venue is proper as at least one Defendant has its principal place of business in this judicial district.

2.4     Jurisdiction and venue are properly lodged in this Court pursuant to the forum selection clause contained in the Seabourn Cruise Contract. *The Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972).

## III.     FACTS

3.1     Wendy Portman Lewis entered into a contract of passage with Seabourn for the purpose of passage on the vessel, the Seabourn Quest.

3.2      Ms. Portman Lewis died on September 11, 2015 after suffering a fall on the Seabourn Quest.

3.3     A number of factors contributed to the fall including the crew's over-service of alcohol to passengers, the existence of unreasonably dangerous conditions including but not limited to the rail over which Ms. Portman Lewis fell and failure to protect Ms. Portman Lewis from the threat posed by a fellow passenger.

3.4     As a result of the incident Lesley Grieve and the Estate of Wendy Portman Lewis suffered special and general damages.

## IV.     CAUSE OF ACTION

4.1     Plaintiff realleges all prior allegations as though fully stated herein.

4.2     A passenger carrier has a duty to exercise extraordinary vigilance and the highest skill to secure the safe conveyance of the passengers.  This included (a) a duty to use reasonable care to maintain the premises so the were reasonably safe; (b) a duty to warn about dangerous conditions; (c) a duty to inspect for dangerous conditions; and (d) a duty to protect passengers against dangers of which they were aware or should have been aware.

4.3     Seabourn breached its duty of care by (1) over-service; (2) failure to warn of the unreasonably dangerous conditions; and (3) failure to protect Ms. Portman Lewis.  These beaches caused and/or contributed to the injury and death of Ms. Portman Lewis.

4.4     Damages were suffered by Ms. Portman Lewis, her Estate and Ms. Grieve individually as a result of these breaches.

## V.     JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the defendant as follows:

A.     For monetary judgment in an amount sufficient to compensate Plaintiff for the special, general, incidental and consequential damages incurred and to be incurred as the direct and proximate result of the acts and omissions of the defendants or their agents, employees and all other persons or entities which they may be vicariously liable;

B.  For punitive damages as may be permitted under applicable law;

C.  For prejudgment interest on all liquidated amounts as allowed by law;

D.  For Plaintiff's reasonable costs and attorneys' fees incurred herein, pursuant to all applicable statutory, common law, and equitable theories; and

E.  For such other and further relief as the Court deems just and equitable.

DATED this 29th day of August, 2016.

MYERS & COMPANY, P.L.L.C.

Attorneys for Plaintiff

By: _____
Michael David Myers
WSBA No. 22486
mmyers@myers-company.com
Myers & Company, P.L.L.C.
1530 Eastlake Avenue East
Seattle, Washington  98102
Telephone:  (206) 398-1188
Facsimile: (206) 400-1112